IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MARIA L. PETERSON &
DENNIS L. PETERSON,
5846 Spruce Creek Woods Dr.
Port Orange, Florida,

                                                         ORDER

                   Plaintiffs,

                                                       09-cv-186-slc[1]

    v.

PDQ FOOD STORES, INC.,
8383 Greenway Blvd.
Middleton, WI 53561-0997

ATTORNEY THOMAS AIELLO &
NICHOLAS INFUSINO,
1108 56th St.
Kenosha, WI, 53140

LAKEVIEW INVESTMENTS LLC,
c/o Attorney Michael F. Dubis
208 E. Main St.,

                   Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

---

[1] While this court has a judicial vacancy, it is assigning 50% of its caseload automatically to Magistrate Judge Stephen Crocker. For the purpose of issuing this order only, I am assuming jurisdiction over this case.

A federal court has an independent obligation to insure that it has jurisdiction to hear each case presented to it. Hurley v. Motor Coach Industries, Inc., 222 F.3d 377, 379 (7th Cir. 2000). Attempting to invoke this court's diversity jurisdiction, 28 U.S.C. § 1332, plaintiffs Maria and Dennis Peterson have filed a complaint in which they appear to be asking this court to overturn the decisions of a number of Wisconsin state courts that have heard plaintiffs' state law property dispute against the defendants and ruled in the defendants' favor.

Federal courts do not have the power to exercise appellate review over state court decisions. Kamilewicz v. Bank of Boston Corporation, 92 F.3d 506, 509 (7th Cir. 1996). The Supreme Court has made it clear that federal courts cannot reverse or modify a state court judgment, even if that judgment is wrong. Id. at 509-10 (citing Rooker v. Fidelity Trust Company, 263 U.S. 513 (1923)). If plaintiffs do not agree with the decisions of the Kenosha County Circuit Court, the Court of Appeals for the State of Wisconsin, District 2, and the Wisconsin Supreme Court, their only recourse is to petition the United States Supreme Court for a writ of certiorari to hear their claim. This court does not have jurisdiction to consider the claim.

ORDER

IT IS ORDERED that this case is DISMISSED on the court's own motion for lack

of jurisdiction.

    Entered this 10th day of April, 2009.

                      BY THE COURT:

                      /s/

                      _____
                      BARBARA B. CRABB
                      District Judge